IRMA PENNE GONZÁLEZ, ETC., Petitioner and Appellee, *v.* GON-ZALO DE LA GUERRA, ETC., Respondent and Appellant.

GONZALO DE LA GUERRA, ETC., Plaintiff and Appellant, *v.* IRMA PENNE GONZÁLEZ ET AL., Defendants and Appellees.

### SAME *v.* SAME.

Nos. 6267, 6274, and 6266.   Argued February 6, 1934.—Decided March 7, 1934.

*Ramón Dapena* for appellant. *Agustín E. Font* and *L. Yordán Dávila* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

These three appeals were prosecuted separately. They are, however, so intimately connected with each other that we shall study the questions involved in a single opinion herein. On the 6th of last February, the hearing of the motions to dismiss presented by the appellees and of the appeals on the merits took place.

The dismissals are sought on two grounds, to wit: That the appellant's brief does not contain the assignment of errors on which the appeals are based, as required by the rules of this court; and that the appeals are frivolous.

The appellee is right as to the first ground. However, since the merits of the case are discussed in the briefs, albeit in a confused manner, and the real issues raised by the appeals may, with some effort, be revealed, we, in the exercise of our discretion, will not dismiss the appeals on this ground.

As to the frivolousness, since the appeals were also heard on their merits, we shall proceed to study the latter, and our conclusion will determine the decision of the court.

In case No. 6267, there are raised the following questions: (1) May the estate of Luis Lorenzi, who died in Ponce on May 8, 1932, be considered as accepted under benefit of inventory, and (2) was the inventory made according to the facts and the law?

In case No. 6274 it must be decided whether the judgment rendered for the plaintiff should direct, as it did, the defendant heirs of Lorenzi to pay the sums claimed to the extent covered by the property of the estate, or adjudge them to pay the debt of their ancestor with any kind of property, regardless of whether or not said property forms a part of the inheritance in question.

In case No. 6266 we must decided whether or not a certain attachment, made for the purpose of securing the effectiveness of the judgment which might be rendered in the action of debt, case No. 6274, is null and void.

As may be seen, the decision of cases Nos. 6274 and 6266 depends upon the determination to be made in case No. 6267, which we shall presently consider.

On July 20, 1932, Irma Penne, widow of Lorenzi, by her attorney, presented in the District Court of Ponce a sworn petition alleging that her husband, Luis Lorenzi, died in Ponce on May 8, 1932, leaving an open will executed by him before a notary on February 21, 1921; that in said will the petitioner was appointed executrix in the first place, and Adolfo Nones executor in the second place, and that the proper letters testamentary had been requested and obtained; that as executrix the petitioner has in her possession and custody the property of the estate, it being considered that the latter is under administration until the creditors are paid, and that as such executrix she also has in her possession all of the documents referring to the assets and liabilities of the estate.

She also alleged in her petition that in order to expedite the identification of the property, rights, and actions of the estate and its debts, the petitioner and her children, heirs of the testator, named Celina, Luis Alfonso, and José María, executed on July 19, 1932, the *deed of description of property, appraisal and acceptance of inheritance under benefit of inventory* which was attached to and made a part of the petition, and that the inventory having been made, and all of

the creditors of the estate having been listed, it was necessary and the court was requested to cite said creditors in order that they might appear at the office of the clerk and examine the inventory for the purpose of reaching a possible agreement as to the liquidation and payment of the debts *in so far as the same could be covered by the property that constituted the assets of the estate;* to fix the term of 15 days for such appearance, and to designate the newspaper in which the unknown creditors were to be cited.

Two days afterward the district court ordered that the inventory be posted in the office of the clerk for the term of sixty days, in order that it might be examined by the interested parties; and that the unknown creditors be cited by notices to be published in the local newspaper *"El Día,"* once a week during two consecutive months.

At this stage, on August 22, 1932, Gonzalo de la Guerra appeared by his attorney, as judicial administrator of the inheritance of María de la Cruz Lozano, owner of a credit of some $8,000 against Lorenzi, and asked that the court declare the acceptance of the inheritance of Lorenzi under benefit of inventory and the inventory of the property of the estate made by the heirs to be null and void on the following grounds: Because it was sought to follow a procedure not authorized by law; because the inventory did not include all of the property of the estate and was not made within the period, and with the formalities, prescribed by the Civil Code; and because the inventory being null and void, the acceptance of the inheritance under benefit of inventory was consequently null and void.

The petitioner answered the opposition in writing. She admitted that the estate of María de la Cruz Lozano was a creditor for the sum of $6,772, according to a public deed executed on March 28, 1927, and alleged that the opposing papers stated mere conclusions of law, as they failed to specify the procedure which should have been followed, the

property which was not included, or the formalities which were omitted.

On September 12, 1932, the petitioner and the opposing party were heard and the oral and documentary evidence of the latter was presented, and seven days afterward they were again heard for the purpose of presenting the documentary evidence of the petitioner.

On the 18th of the following November, the judgment appealed from was rendered by the district court in the following terms:

"The Court, on the grounds stated in its opinion of this date which is attached to the record of this case, renders judgment denying in all its parts the motion for nullity of the inventory filed on August 24, 1932, by Gonzalo de la Guerra, as judicial administrator of the estate of María de la Cruz Lozano y Santiago, and consequently it holds that the acceptance of the inheritance under benefit of inventory made by the heirs of Luis Lorenzi, named Irma Penne González, Celina, Luis Alfonso, and José María Lorenzi y Penne, and the consequent inventory made by the same, by deed No. 54 of July 19, 1932, executed in this city of Ponce before notary Luis Yordán Dávila, and filed with the clerk of this Court, in this case, is perfectly legal and that the said acceptance of inheritance under benefit of inventory entitles the heirs to pay the debts of the inheritance to the extent of the assets of the estate, and that the said assets may not be confused with the private property of the said heirs. And in accordance with the prayer made by the petitioner in her brief, the Court hereby further orders and decrees that the said inventory be taken as amended to include the personal property which was omitted from the same, all without special imposition of costs."

The appellant maintains that the district court erred in deciding the case as it did:

(1) Because the initial petition is neither signed nor authorized by the heirs, nor does it contain the statement that the heirs accept the inheritance under benefit of inventory;

(2) Because the inventory was made extra-judicially, instead of being commenced in court, by requesting the setting of a day and hour for commencing it after citing the heirs and legatees; and

(3) Because it does not include all of the property of the estate.

The acceptance or repudiation of the inheritance are acts which are entirely voluntary and free, says section 943 of the Civil Code, 1930 ed., and section 964 of the same code, same edition, provides that any heir may accept an inheritance under benefit of inventory.

How and when may that right be exercised? In the cases, within the term, and in the manner prescribed in the following sections of the Civil Code, 1930 ed.:

"Section 965.—The acceptance of the inheritance, under the benefit of inventory, may be made before a notary or in a writing before the district court having jurisdiction in testamentary or intestate proceedings.

"Section 966.—Should the heir referred to in the preceding section be abroad, he may make said declaration before a diplomatic or consular agent of the United States, who may be authorized to discharge the duties of a notary in the place of the execution.

"Section 967.—The declaration referred to in the preceding sections shall not produce any effect whatsoever unless it be preceded or followed by a true and exact inventory of all the property of the estate, made with the formalities and within the periods fixed in the following sections.

"Section 968.—An heir who may have in his possession the property of the estate or a part thereof, and who may wish to make use of the benefit of inventory or of the right to deliberate, shall state this to the district court of competent jurisdiction in testamentary or intestate proceedings, within ten days following that on which he has become aware that he is such an heir, if he resides in the place where the deceased may have died. If he resides outside of it the period shall be thirty days.

"In either case the heir must request, at the same time, the making of the inventory and the citation of the creditors and legatees in order that they may be present thereat if they wish to.

"Section 969.—If the heir should not have in his possession the inheritance or a part of it, or has not taken any steps as such heir, the periods fixed in the preceding section shall be counted from the day following that on which the period fixed by the district court for accepting or repudiating the inheritance expires, in accordance

262

with section 959, or from the day on which he may have accepted it or has acted as heir.

"Section 970.—With the exception of the cases referred to in the two preceding sections, if no action should have been brought against the heir, he may accept, under the benefit of inventory, or with the right to deliberate while the action to claim the inheritance does not prescribe.

"Section 971.—An inventory shall be begun within the thirty days following the citation of the creditors and legatees and shall be finished within sixty days more.

"If by reason of the property being situated at a long distance, or being very valuable, or for any other sufficient cause, said sixty days should appear insufficient, the district court may extend this period for such a time as it may deem necessary, which can not exceed one year.

"Section 972.—If by the fault or negligence of the heir the inventory is not begun or finished within the periods, and with the formalities prescribed in the preceding sections, it shall be understood that he accepts the inheritance purely and simply."

For a more complete study the provisions of sections 973 to 988 of the same code should also be considered.

The provisions above transcribed correspond substantially to sections 1011 to 1018 of the Spanish Code. In commenting on them Manresa and Scaevola—Manresa, *Comentarios al Código Civil Español,* vol. 7, pp. 477–512; and Scaevola, *Comentarios al Código Civil,* vol. 17, pp. 512–564—point out certain contradictions in them. In fact, section 965, as we have seen, provides that acceptance of the inheritance under benefit of inventory may be made either before a notary or before a competent court, and since the provisions of section 968 and the following sections reveal that it will always be necessary to resort to judicial authority, the notarial method seems to be superfluous, and section 967 prescribes that the acceptance, whether made before a notary or before a judge, shall not produce any effect whatsoever unless it be preceded or followed by a true and exact inventory of all of the property of the estate, made with the formalities and within the terms specified in the following sections, the provisions of

which are difficult to harmonize with that which refers to the inventory made previously to the acceptance.

Neither the Spanish Civil Code nor the Puerto Rican Code expressly provides that the foregoing inventory must be judicial or specifies the exact procedure which must be followed in making it.

Manresa, in his commentaries on section 1067 of the Spanish Law of Civil Procedure, equivalent to section 1066 of the former Law of Civil Procedure of Puerto Rico (4 Manresa, *Ley de Enjuiciamiento Civil*, p. 464), maintains that the inventory which must be made in all cases where the heirs may wish to make use of the benefit of inventory or. of the right to deliberate should always be made judicially.

This interpretation seems too rigid to us. It is true that the easiest and surest way is to resort from the beginning to a judicial authority, for the purpose of stating that the inheritance is accepted under benefit of inventory, and to request at the same time the making of the inventory and the citation of the heirs, creditors, and legatees; but if the lawmaker provided that the acceptance may also be made before a notary, and that the inventory may precede the acceptance, the law should be interpreted in such a way as to give effect to all of its provisions. Therefore, we consider that an extrajudicial inventory properly made is sufficient, provided that resort is had, as was done in the instant case, to competent judicial authority, requesting it to order the posting of the inventory in the office of the clerk and the citation of the interested parties, in order that the latter may have an opportunity to examine it and to make, as the opposer made in this case, the observations they may deem proper.

The essential thing is that the intention of the heir in regard to the acceptance of the inheritance under benefit of inventory be solemnly made known within the period fixed by law, and that the inventory which precedes or follows it be true, exact, and complete. See the judgment of the Supreme Court of Spain of June 14, 1899, 87 *J. C.* 476.

Applying the law to the facts in the present case, we find that the acceptance of the inheritance under benefit of inventory was declared by the heirs, before a notary, on July 19, 1932, in a public instrument, wherein the following particulars, among others, were set forth: "They declared as sole heirs of the decedent, Luis Lorenzi, that the property which constitutes the hereditary estate is in the possession of the executrix, said property of the estate being considered under administration until such time as the debts of the estate shall have been liquidated and paid to the legitimate creditors named in the deed. . . . That no action regarding the inheritance has been brought against the heirs of Luis Lorenzi, nor have said heirs taken any step until now when, acting as such heirs of the testator, they execute this deed and declare that they accept, under benefit of inventory, the inheritance to which they may be entitled, for the purpose of paying the legitimate debts and obligations of the same to the extent of the property inherited."

That being so, the heirs, in spite of the fact that their testator had died on May 8, 1932, could avail themselves of the benefit of inventory because they did not have possession of the inheritance or any part of it; because no action had been brought against them nor had a period been fixed for them to accept or repudiate the inheritance; because they had taken no step which could be considered as a pure and simple acceptance of the inheritance; and because their action to claim the estate had not prescribed. This disposes of the question of acceptance.

Let us consider now the question of the preparation of the inventory. The petition submitted to the court on July 20, 1932, should have been presented in the name of all of the heirs, but, as it was stated therein that the deed of description of the property, appraisal, and acceptance of the inheritance under benefit of inventory, executed by the heirs the day before, was made an integral part thereof, it was in

fact the heirs who resorted to the court. The court seems to have understood it this way from the first moment.

We have already said that an inventory made extrajudicially is sufficient, provided that it be true and exact and that the interested parties be given an opportunity to intervene. Where this opportunity is given in court the inventory becomes practically judicial.

Was the inventory made by the heirs in this case true and exact? The answer to this question is of the greatest importance because the Code, in its section 978, 1930 ed., provides:

"Section 978.—The heir shall lose the benefit of inventory:

"1. If having knowledge thereof he fails to include in the inventory any of the property, rights, or actions of the inheritance.

"2. If before concluding the liquidation of the debts and legacies he should alienate any property of the estate without judicial authorization, or that of all the persons interested, or if he should not apply the value of what is sold in the manner specified at the time the authorization was granted him."

What did the evidence show? The appellant presented a copy of the will of Lorenzi executed before a notary on February 21, 1921, under which he died, putting emphasis on the fourth clause thereof which says:

"He directs that the debts existing at the time of his death be paid by the executor out of the proceeds of his life insurance policy and of any money which may be left at his death; and that if this cash should not be sufficient to cover the debts, in order to satisfy them the executor shall sell, in so far as may be necessary, the shares of companies and corporations and such personal property as may at that time belong to the testator."

He presented the record of the action of debt and for nullity of guaranty brought by the Shell Co., Ltd., in the District Court of Ponce against the Heirs (Sucesión) of Lorenzi, and of the one brought in the Municipal Court of Ponce by Armour Fertilizer Works for execution of a chattel mortgage on property belonging to Luis Lorenzi and C. R. Colón, at-

tention being called in the first to the attachment executed on 12 head of bovine cattle, one horse, and a milk wagon, and, in the second, to the sworn statement of Lorenzi stating that the ten milch cows that he was mortgaging to Armour Fertilizer Works belonged to him, and to the attachment by the marshal of eight of the said ten mortgaged cows.

And inasmuch as the inventory mentions neither the insurance policy nor the cattle, the appellant maintains that the case comes under section 978 of the Civil Code, which we have already transcribed, and therefore the heirs of Lorenzi have no right to a benefit which they lost through their own fault.

In regard to the property involved in the actions brought in the district court and in the municipal court, the trial court, in the opinion on which it based the judgment appealed from, says:

"It has been proved that the inventory incorporated in public deed No. 54 of July 19, 1932, executed before Notary Yordán Dávila, which was presented in evidence, does not include as property of the estate a certain number of head of bovine cattle, one sorrel horse, and a milk wagon. But it has been satisfactorily shown by documentary evidence introduced in the case, that the testator, Luis Lorenzi, mortgaged part of the said cattle on January 22, 1931, to Armour Fertilizer Works; that on April 28, 1932, the same testator, Mr. Lorenzi, settled and delivered as payment to the Shell Company, all of the cattle that was mortgaged to Armour Fertilizer Works and, in addition, the remainder of the bovine cattle, one sorrel horse, and a cart. (See second paragraph of the deed numbered 21, of settlement and conveyance in payment with agreement to reconvey (dación en pago con pacto de retro), executed on April 28, 1932, before Notary Rafael Hernández Matos (plaintiff's exhibit A.) On May 8, 1932, said Luis Lorenzi died in Ponce, and on July 19, 1932, the public deed, numbered 54, of acceptance of inheritance under benefit inventory was executed. The documentary evidence also shows that part of the cattle was foreclosed by the Armour Fertilizer Works by virtue of the mortgage constituted in its favor; that the remainder of the bovine cattle, the horse, and the milk wagon were attached in civil action No. 7142, brought by the Shell Company against the Heirs of Luis Lorenzi; and that in said

action a judgment for $980.57, with interest and cost, was rendered on September 16, 1932, which judgment is final (*firme*) and executory, and the property attached in said suit will probably be entirely applied to the satisfaction of said judgment. It clearly appears that the bovine cattle, the horse, and the milk wagon were not included in the inventory made on July 19, 1932, because, according to the deed of April 28, 1932, Luis Lorenzi had sold said property to the Shell Company of Porto Rico, Limited, reserving the right of re-purchase, and moreover that cattle had been mortgaged to Armour Fertilizer Works by said Luis Lorenzi on January 22, 1931, all of this having been effected by means of the authentic documents which the executrix and the heirs of Luis Lorenzi surely had before them when they made the inventory included in public deed No. 54, executed on July 19, 1932, before Notary Yordán Dávila. It is easy to understand that the executrix and the heirs should believe, as they actually did, in good faith that the said personal property would never form a real or effective part of the hereditary estate, inasmuch as said property was mortgaged and moreover had been sold by the testator himself with the right of redemption. Therefore, the court reaches the conclusion that the failure to include said personal property in the inventory does not mean that it was concealed maliciously, knowingly, with bad faith and intent to defraud or to prejudice the parties interested in the estate, which are requisites necessary in order that such omission give rise to the loss of the benefit of inventory; the parties interested in a case like the present one being only entitled to request the inclusion in the inventory of the property omitted.''

We believe that the district court acted properly. We have seen that its judgment ordered the amendment of the inventory, to which the petitioner consented. Moreover, the slight importance of the point stands out, especially when one considers the balance shown by the inventory, to wit:

| | | |
|---|---:|---:|
| ''Mortgage Obligations | | $29,600.00 |
| ''Personal Debts | | 26,887.46 |
| | | $56,487.46 |
| ''Value of Property | $22,850.00 | |
| ''Cash | 22.30 | |
| | $22,872.30 | 22,872.30 |
| ''Deficit | | $33,615.16''. |

Lastly, let us examine the question of the policy which is the one that has caused us to hesitate the most in the decision of this case.

The only information there is concerning its existence is the clause of the will executed by Lorenzi more than ten years previous to his death. In it the policy is mentioned without naming the insurer, the amount, the beneficiary, or its conditions.

The district court in its opinion disregards the question on the ground that the terms of the clause in the will imply the assignment of the policy which could not be made without the consent of the beneficiary. The cases of *Pizá* v. *Sun Life Ins. Co.*, 33 P.R.R. 470, *Cádiz* v. *Jiménez*, 30 P.R.R. 33, *Schlüter* v. *Heirs of Díaz*, 41 P.R.R. 875, and *Bustelo* v. *Lugo Viñas*, 42 P.R.R. 102, are cited. We do not find the reasoning clear.

We believe that in the interest of greater certainty the petitioners should not have kept silent on the point. When their action was questioned, they should have stated whether or not the policy existed, and if it did, how it was constituted. If it was unconditionally made out in their favor, the policy did not properly belong to the estate, but to them personally (*Espósito* v. *Guzmán*, 45 P.R.R. 77), but it could have been constituted otherwise.

However, in view of all the attendant circumstances, we resolve the doubt in favor of the judgment. The opposer could and should have done something more. He could have cited the executrix to appear with the policy. He could have called all or any of the heirs to the witness stand to testify on the point. But he did nothing. He confined himself to raising doubts and he must suffer the consequences of his own acts.

Having arrived at the foregoing conclusions, we must affirm the judgment appealed from in case No. 6267.

The judgment and order appealed from in cases Nos. 6274 and 6266 must also be affirmed.

The former because, although it was shown that the testator owed the estate of María de la Cruz Lozano the sum claimed, and it was proper to enter a judgment against the defendants, as was done, inasmuch as the latter accepted the inheritance under benefit of inventory, the judgment should have been entered, as it was, with the limitations contained therein, in accordance with the law which definitely provides:

"The benefit of inventory produces the following effects in favor of the heir:

'1. The heir shall not be bound to pay the debts and other charges on the inheritance except in so far as the property of the same may go.

"2. He retains against the estate all the rights and actions which he may have had against the deceased.

"3. His private property shall not be confused for any purpose whatsoever, to his injury, with the property belonging to the estate." Sec. 977 of the Civil Code, 1930 ed.

And the order, because the property attached to secure the effectiveness of any judgment that might be rendered in the action of debt to which we just referred, consisted of $2,400 that the defendants José María, Luis Alfonso, and Celina Lorenzi had deposited in their personal accounts in the Bank of Ponce, in sums of $1,000 and $1,400 respectively, and as they had accepted the inheritance from their father, Luis Lorenzi, under benefit of inventory, they were not bound to satisfy the debts of their testator with their personal property, and the district court acted correctly in decreeing the nullity of the attachment levied on that kind of property.

Let separate judgments be entered in each case dismissing the appeals and affirming the judgments and the order appealed from.